This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36983**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**ELENA CHAVEZ-CHAVEZ,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellant

Noble & Vrapi, P.A.
Lauren L. Armstrong
Las Cruces, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** The State of New Mexico appeals a district court order granting Defendant Elena Chavez-Chavez's Rule 5-803 NMRA petition and permitting her to withdraw her no-contest plea to three criminal counts, including the felony charge of aggravated assault, contrary to NMSA 1998 Section 30-3-13(A)(1) (1995), "on the basis of constitutional and procedural defects in the underlying criminal proceedings." Those defects derive from her lawyer's ineffective assistance of counsel, specifically his "erroneous advice to

Defendant regarding the immigration consequences of her plea." Having carefully reviewed the record and considered the parties' arguments on appeal, we affirm the district court's order and only briefly explain. *See* Rule 12-405(B) NMRA (providing that appellate courts may dispose of a case by non-precedential order, decision, or memorandum opinion under certain circumstances).

**DISCUSSION**

**{2}** Because the parties are familiar with the facts of this case, we do not restate them at length in this memorandum opinion. *See State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361 ("[M]emorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties" and "[s]ince the parties know the detail of the case, such an opinion does not describe at length the context of the issue decided[.]"). The State argues on appeal that Defendant failed to show that her counsel's deficient performance caused her prejudice sufficient to withdraw her plea. Defendant responds that she has shown prejudice because she would have refused to enter the plea and instead insisted on a trial had she known that her no-contest plea would affect her application for cancellation of removal before the immigration court. "Because a motion to withdraw a guilty plea connected to an allegation of ineffective assistance of counsel is a mixed question of law and fact," we review de novo. *State v. Gallegos-Delgado*, 2017-NMCA-031, ¶ 11, 392 P.3d 200.

**{3}** Here, our review is simplified by the parties' agreement that the district court properly found that Defendant's plea counsel provided erroneous advice to Defendant regarding the immigration consequences of her plea. Consequently, we need only address the district court's conclusion that "the deficient performance prejudiced the defense." *State v. Carlos*, 2006-NMCA-141, ¶ 10, 140 N.M. 688, 147 P.3d 897 (internal quotation marks and citation omitted). Our review of the record, which includes extensive briefing by the parties, numerous exhibits, and a sworn affidavit from Defendant containing further facts along with her assertion that she would not have proceeded with her plea had she correctly understood the immigration consequences of her admission, supports the district court's order. The record establishes, among other facts we do not reiterate in this opinion, that Defendant spent most of her life in the United States, is the mother of a young child who resides in New Mexico, Defendant was attending high school in the United States, and her immediate family also lives in the United States. The record presents ample facts which, considered in sum, establish that Defendant suffered prejudice because her lawyer did not appropriately forewarn her of the immigration consequences of entering the plea, as our precedents require. We conclude the record before us supports the district court's determination. *See State v. Favela*, 2015-NMSC-005, ¶ 11, 343 P.3d 178 ("In cases involving plea agreements, prejudice is proven where the defendant demonstrates 'that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial.' "); *State v. Paredez*, 2004-NMSC-036, ¶ 20, 136 N.M. 533, 101 P.3d 799 (alteration omitted). Here, our review of the record does not reveal that the district court wrongly permitted Defendant to withdraw her plea given the

faulty advice she received and the ensuing prejudice demonstrated by Defendant in district court. To conclude such we would have to focus exclusively on the strength of the State's case or the plea agreement itself, and to substitute our judgment for that of the district court. This we will not do. *See State v. Tejeiro*, 2015-NMCA-029, ¶ 14, 345 P.3d 1074 (New Mexico courts have adopted "a broad approach to how a defendant can demonstrate prejudice[,]" which "focuses on the rationality of rejecting the plea offer rather than the [s]tate's evidence or a defendant's maximum exposure compared to the actual offer.").

**CONCLUSION**

**{4}** Based substantially on the district court's order concluding that Defendant was not properly informed of the immigration consequences of her plea, and the established record of prejudice resulting from this error, we affirm.

**{5}    IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**